IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-02266-PAB-NYW

JAIME LONGORIA,
ABIGAIL RATCHFORD
ANA CHERI,
EMILY SEARS,
JACLYN SWEDBERG,
LUCY PINDER, and
ROSIE ROFF,

    Plaintiffs,

v.

MILLION DOLLAR CORPORATION d/b/a Dandy Dan's a/k/a Dandy Dan's Gentlemen's Club,

    Defendant.

## ORDER

This matter is before the Court on Defendant's Motion for Sanctions Against Plaintiffs Rosie Roff and Emily Sears [Docket No. 50]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiffs filed suit on September 14, 2018, alleging that defendant violated 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act) by using images of plaintiffs without their permission. Docket No. 5 at 16. Pursuant to the original discovery order, all fact witness discovery, including depositions, was to be completed by September 6, 2019. Docket No. 20. Plaintiffs filed a motion to amend the scheduling order, requesting a sixty-day extension. Docket No. 34. On September 3, 2019, the motion was granted, with fact witness discovery to be completed by November 5, 2019. Docket No. 36. A

day before the fact witness discovery cut-off, plaintiffs filed another motion to amend the scheduling order. Docket No. 37. The motion was granted, with the new cut-off for fact witnesses on January 31, 2020. Docket No. 46.

The parties agreed that the depositions of plaintiffs Rosie Roff and Emily Sears would take place in-person in Denver on January 30, 2020 and January 31, 2020, respectively. Docket No. 51-1 at 2. On January 29, 2020, plaintiffs' counsel informed defendant that Ms. Roff and Ms. Sears would be unable to attend their depositions. Docket No. 50 at 2, ¶ 3. Plaintiffs did not request an extension of the discovery schedule. On January 31, 2020, defendant filed a motion for sanctions, asking that Ms. Roff and Ms. Sears' claims be dismissed or for another appropriate relief. *Id.* at 3, ¶ 7. Plaintiffs filed a response to the motion for sanctions on February 24, 2020, three days after the deadline to respond. *See* Docket No. 54.

Defendants argue that, because Ms. Roff and Ms. Sears failed to appear for their depositions and failed to give adequate notice of their unavailability, their claims should be dismissed. Docket No. 50 at 2-3, ¶¶ 5-7. Ms. Roff and Ms. Sears argue that sanctions, especially dismissal, are inappropriate because Ms. Roff lives in England and has been unable to obtain permission to leave the country, and Ms. Sears has health issues which prevent her from flying. Docket No. 54 at 3-4, ¶¶ 4-5. Additionally, plaintiffs contend that dismissal is inappropriate because they offered to pay for video depositions once it was clear that Ms. Roff and Ms. Sears would be unable to travel, but that defendant declined. *Id.* at 2-3, ¶¶ 4, 7.

Federal Rule of Civil Procedure 37(d) permits a court to impose appropriate sanctions for failure to appear for a deposition. Fed. R. Civ. P. 37(d). Dismissal should

"be predicated on willfulness, bad faith, or some fault rather than just a simple inability to comply." *Lee v. Max Int'l*, 638 F.3d 1318, 1321 (10th Cir. 2011) (quotations, citations, and alterations omitted). Courts consider the following factors before dismissing a case as a sanction:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

*Callahan v. Commc'n Graphics, Inc.*, 657 F. App'x 739, 743 (10th Cir. 2016) (unpublished).

The Court finds that dismissal is inappropriate. First, as to actual prejudice, while defendant is prejudiced by the delay in deposing Ms. Roff and Ms. Sears, Ms. Roff and Ms. Sears are still willing to be deposed, and this is not a situation where defendant is permanently prevented from deposing these two plaintiffs. As to interference with the judicial process, plaintiffs have caused discovery to be extended, but this interference with the judicial process is not so great to justify the severe sanction of dismissal.

Third, as to culpability, there are two considerations. It appears that Ms. Roff and Ms. Sears' inability to physically attend the depositions is no fault of their own.[1] This weighs against plaintiffs' culpability. However, counsel's lack of responsiveness

---

[1] While the motion does not identify where Ms. Sears lives, she apparently must fly to attend her deposition. As of the time of plaintiffs' response, Ms. Sears' doctor recommended that Ms. Sears not fly due to medical issues. *See* Docket No. 54-2 at 2; Docket No. 54-3 at 2.

demonstrates a not-insignificant level of culpability.  Plaintiffs' counsel failed to alert defendant that Ms. Roff and Ms. Sears would be unable to attend their depositions until one day before the first deposition, Docket No. 50 at 2, ¶ 3, and two days before the discovery cut-off.  Docket No. 46.  Moreover, plaintiffs' counsel failed to file a motion to amend the scheduling order and plaintiffs' counsel missed the deadline to file a response to the motion for sanctions.  Docket No. 54.  Finally, plaintiffs' counsel filed the response late without a corresponding motion for extension of time.  *Id.*  As a result, this is not a case of one simple mistake, but a recurring problem with plaintiffs' counsel remaining on schedule and informing the Court and opposing counsel of issues.

Fourth, and fifth, plaintiffs had not been warned that dismissal may result from their abrupt cancellation of and failure to reschedule the depositions, and no previous sanctions have been imposed to demonstrate that lesser sanctions would be ineffective.  Indeed, defendant has offered no argument that there are less severe sanctions that could prove effective.

As a result, only the fourth factor, culpability of the litigant, weighs significantly in favor of dismissal.  However, the Court finds that the behavior of plaintiffs' counsel is not sufficient to "outweigh the judicial system's strong predisposition to resolve cases on their merits."  *Callahan*, 657 F. App'x at 743.  Ms. Roff and Ms. Sears had legitimate issues that have prevented them from coming to Denver.  Counsel's behavior, although concerning, is not enough to warrant dismissal.

Although dismissal is inappropriate, some sanction is appropriate given plaintiffs' counsel's failure to meet deadlines and properly confer with defendant.  Federal Rule 37(d)(3) permits a court to order the payment of fees associated with the filing of the

motion.  Because plaintiff is the party who "fail[ed] to act," see Fed. R. Civ. P. 37(d)(3), the Court finds it appropriate to order plaintiffs to pay defendant's reasonable fees and costs associated with filing the motion for sanctions.  Additionally, Ms. Roff and Ms. Sears still must be deposed, whether in person or by video.  The Court will permit Ms. Roff's and Ms. Sears' depositions to occur out of time, but they must be taken no later than January 8, 2021.  If any issues arise with the taking of Ms. Roff's and Ms. Sears' depositions, the parties may contact the chambers of Magistrate Judge Wang.

It is therefore

**ORDERED** that Defendant's Motion for Sanctions Against Plaintiffs Rosie Roff and Emily Sears [Docket No. 50] is **DENIED in part** and **GRANTED in part**.  It is further

**ORDERED** that plaintiffs must pay defendant's reasonable fees and costs associated with the filing of the motion for sanctions.  It is further

**ORDERED** that Ms. Roff and Ms. Sears may be deposed out of time.  It is further

**ORDERED** that Ms. Roff and Ms. Sears must be deposed, in person or by video, **on or before January 8, 2020**.

DATED November 30, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge