IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-02266-PAB-NYW

JAIME LONGORIA,
ABIGAIL RATCHFORD,
ANA CHERI,
EMILY SEARS,
LUCY PINDER, and
ROSIE ROFF,

  Plaintiffs,

v.

MILLION DOLLAR CORPORATION d/b/a Dandy Dan's a/k/a Dandy Dan's Gentlemen's Club,

  Defendant.

---

# ORDER

---

  This matter is before the Court on Plaintiffs' First Motion for Leave to File Plaintiffs' Consolidated Opposition to Defendant's Motions to Exclude [Docket No. 86]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

  Plaintiffs filed suit on August 31, 2018, alleging that defendant violated 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act) by using images of plaintiffs without their permission. Docket No. 5 at 16. In support of their Lanham Act claims, plaintiffs retained two experts, Martin Buncher and Stephen Chamberlin. Docket No. 86 at 2. On April 27, 2020, defendant filed motions to exclude both Mr. Buncher and Mr. Chamberlin. Docket Nos. 56, 57. Plaintiffs' responses to these motions were due on May 18, 2020.

On July 9, 2020, plaintiffs filed the present motion to file out of time their responses to defendant's motions to exclude. Docket No. 86. Plaintiffs state that they believed that their responses had been filed and did not become aware that they had not been until July 9, 2020. *Id.* at 2. Plaintiffs assert that, due to the COVID-19 pandemic and remote work, counsel thought that one of the firm's paralegals was filing the response, and the paralegal believed that counsel was filing the response. *Id.* at 2.

Federal Rule of Civil Procedure 6(b) states that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Courts are directed to consider four factors: "1) the danger of prejudice to the opposing party, 2) the length of delay caused by the neglect and its impact on judicial proceedings, 3) the reason for delay, and whether it was in the reasonable control of the moving party, and 4) the existence of good faith on the part of the moving party." *Hamilton v. Water Hole Int'l Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008) (unpublished) (citing *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004)). The Tenth Circuit considers the moving party's fault as "perhaps the most important single factor." *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) (citation omitted).

Plaintiffs' motion does not address in detail the various factors that the Court must apply in determining whether to grant their motion. Rather, plaintiffs primarily argue that defendant's motions to exclude are meritless and, as a result, the Court should grant the motion to file out of time so that the motions to exclude can be resolved with the benefit of full briefing. Docket No. 86 at 4-7. Additionally, plaintiffs


spend a paragraph arguing that defendant is not prejudiced because (1) no trial date has been set, (2) two depositions have yet to be taken, (3) defendant has "demonstrated its ample opportunity to thoroughly consider [p]laintiffs' expert reports," and (4) defendant will be given an opportunity to reply to the out of time response. *Id.* at 7.

As to prejudice, defendant argues that its reply to its motion for summary judgment addresses plaintiffs' failure to respond to the motions to exclude. Docket No. 93 at 6. Additionally, defendant asserts that the Final Pretrial Order has been approved and it does not include plaintiffs' response to the motion to exclude. *Id.* Regarding the other factors, defendant focuses on the fault of plaintiffs, arguing that the failure to meet the deadline falls squarely on plaintiffs' counsel. *Id.* at 4. Defendant implicitly argues that there has been an impact on the judicial proceedings given the approval of the Final Pretrial Order, and that plaintiffs are not acting in good faith given previous issues with meeting court deadlines. *Id.* at 6.

The Court finds that plaintiffs have demonstrated excusable neglect. First, regarding prejudice to defendant, the Court finds that, although there is prejudice, that prejudice is minimal. Trial in this case is not until May 10, 2021. Docket No. 91. As a result, defendant has ample time to respond to an out of time response filed by plaintiffs. However, defendant did address plaintiffs' failure to respond to the motions to exclude in its reply to its motion for summary judgment. *See* Docket No. 84 at 9. Defendant has thus partly relied on plaintiffs' apparent acquiescence to defendant's motion to exclude in crafting its reply. This demonstrates minimal prejudice to defendant.

Second, as to length of delay and impact on the judicial proceedings, the Court finds that this factor weighs in favor of granting plaintiffs' motion. The length of delay here is not insignificant – nearly two months from when plaintiffs' response was due to when the present motion was filed. However, the Court has not yet ruled on defendant's motions and there has been little impact on the judicial proceedings.

Third, the reason for delay, which the Tenth Circuit has said is the most important factor, *Chanute*, 31 F.3d at 1046, weighs in favor of granting the motion. Plaintiffs state that, due to COVID-19 and remote work, that there was a mix-up on who was responsible to file the response. Docket No. 86 at 2. While defendant argues that plaintiffs filed other motions before realizing that a response had not been filed, there is no reason to believe that plaintiffs, having thought that they filed a response, would notice that one was not filed.

Finally, as to good faith, there is no evidence that plaintiffs failed to respond to the motions to exclude for any malicious purpose; the only evidence is inadvertence due to an on-going pandemic. As a result, this factor weighs in favor of granting plaintiffs' motion.

For the foregoing reasons, the balance of the factors weighs in favor of excusable neglect. It is therefore

**ORDERED** that Plaintiffs' First Motion for Leave to File Plaintiffs' Consolidated Opposition to Defendant's Motion to Exclude [Docket No. 86] is **GRANTED**.

DATED November 30, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge