IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-02266-PAB-NYW

JAIME LONGORIA,
ABIGAIL RATCHFORD
ANA CHERI,
EMILY SEARS, and
LUCY PINDER,

      Plaintiffs,

v.

MILLION DOLLAR CORPORATION d/b/a Dandy Dan's a/k/a Dandy Dan's Gentlemen's
Club,

      Defendant.

---

## ORDER

---

    This matter is before the Court on Plaintiffs' Motion for Reconsideration of the
Exclusion of Expert Martin Buncher [Docket No. 106].  Plaintiffs request that the Court
reconsider its order excluding opinions of plaintiffs' consumer confusion expert, Martin
Buncher.  *See* Docket No. 106 at 1.

    The Federal Rules of Civil Procedure do not specifically provide for motions for
reconsideration.  *See Hatfield v. Bd. of Cty. Comm'rs*, 52 F.3d 858, 861 (10th Cir.
1995).  Instead, motions for reconsideration fall within a court's plenary power to revisit
and amend interlocutory orders as justice requires.  *See Paramount Pictures Corp. v.
Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P.
54(b)); *see also Houston Fearless Corp. v. Teter,* 313 F.2d 91, 92 (10th Cir. 1962).
Regardless of the analysis applied, the basic assessment tends to be the same: courts

consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.  Motions to reconsider are an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018).

The Court excluded Mr. Buncher's survey and his opinions regarding consumer confusion for three reasons.  First, Mr. Buncher's survey included women who are not plaintiffs in this case without any explanation.  *See* Docket No. 105 at 18.  Second, Mr. Buncher failed to include a control group or an adequate control question.  *See id.* at 19-22.  Third, many questions in Mr. Buncher's survey were not probative of the relevant legal issues.  *Id.* at 23.  Plaintiffs take issue with the Court's first and second reasons for excluding Mr. Buncher's opinions regarding consumer confusion.  The Court finds the arguments unpersuasive.

As to Mr. Buncher including non-plaintiffs in his survey, although plaintiffs assert that they are not attempting to advance new arguments, *see* Docket No. 106 at 2, 10, that is exactly what plaintiffs are doing, replete with new citations that were previously available to plaintiffs.  For example, defendant argued that Mr. Buncher's survey included images of women who are not plaintiffs in this case, *see* Docket No. 57 at 7, ¶ 19, yet nowhere in plaintiffs' response to the motion to exclude Mr. Buncher do they raise the arguments they now raise for reconsideration, namely, that (1) the majority of the images are images of plaintiffs; (2) these women should have been plaintiffs; and

(3) the inclusion of non-plaintiffs is irrelevant because defendant still used those non-plaintiffs in their ads.  *See* Docket No. 106 at 3-5.  Furthermore, Mr. Buncher's report does not contain these explanations, and it is Mr. Buncher's report that must explain his methodology, not a motion for reconsideration.

Additionally, Mr. Buncher himself stated that the inclusion of non-plaintiffs is a mistake and survey responses regarding non-plaintiffs would be irrelevant.  *See* Docket No. 105 at 18.  Plaintiffs apparently agree, given that they say that the non-plaintiffs *should* have been plaintiffs.  *See* Docket No. 106 at 3.  But that they should have been included in this suit and were not does not impact the Court's conclusion – one agreed to by Mr. Buncher – that the inclusion of non-plaintiffs means that the survey will provide irrelevant results.  While plaintiffs argue that there is data regarding individual photos for each remaining plaintiff, this data was not lost on the Court in its ruling. Rather, as the Court noted, Mr. Buncher fails to segregate this data in his conclusions, and the questions regarding these non-plaintiffs were still asked in the survey.  *See* Docket No. 105 at 18-19.  The inclusion of unexplained, raw data, does not somehow make Mr. Buncher's survey or conclusions admissible.  Were Mr. Buncher to explain this in his report, plaintiffs might have a point.  But Mr. Buncher does not, and in fact states that it is an error to include non-plaintiffs in the survey.  *See* Docket No. 57-9 at 10.

As for plaintiffs' arguments regarding the control group and control question, specifically that Mr. Buncher's survey is not causal, the Court already rejected this argument in its order.  *See* Docket No. 105 at 19-21.  That reasoning still stands, and a party's disagreement with the Court's analysis is not grounds for reconsideration.

Rather, to justify reconsideration, the Court must have "misapprehended the facts, a party's position, or the controlling law." *Alpenglow*, 894 F.3d at 1203.  Moreover, as the Court already stated, if Mr. Buncher's survey only describes what consumers believed, rather than demonstrating consumer confusion, it is irrelevant to the legal issue, specifically, whether defendant's use of the photos caused or is likely to cause consumer confusion.  *See* Docket No. 105 at 23.  Additionally, assuming Mr. Buncher's survey was merely descriptive and this descriptive survey was still somehow relevant, it would not overcome the other deficiencies noted by the Court: Mr. Buncher – contrary to his own methodology – included non-plaintiffs and asked questions irrelevant to the probative legal issues.  *See id.*  In other words, his survey and opinions would still be excluded.  It is therefore

ORDERED that Plaintiffs' Motion for Reconsideration of the Exclusion of Expert Martin Buncher [Docket No. 106] is **DENIED**.


DATED March 18, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge